```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
_____

FAATIMAH MUHAMMAD,            )
                              )
                              )
                              )
     Plaintiff,               )
                              )    No. 22-cv-2053-SHL-tmp
                              )
v.                            )
                              )
JOEDAE L. JENKINS, et al.,    )
                              )
     Defendant.               )
_____

                    REPORT AND RECOMMENDATION
_____
```

Before the court by order of reference is *pro se* plaintiff Faatimah Muhammad's motion for a temporary restraining order ("TRO") and request for an emergency hearing, filed on February 20, 2022.[1] (ECF Nos. 13, 14.) Muhammad seeks a temporary restraining order or other injunctive relief to enjoin defendants from "accessing or controlling [her] property." (Id.)

### I. PROPOSED FINDINGS OF FACT

---

[1] In addition to the specific order of reference, pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation, as appropriate.

On January 25, 2022, Muhammad filed a *pro se* complaint against defendants Shelby County Chancellor JoeDae L. Jenkins, Douglas M. Alrutz, Charles Shoffner, and the State of Tennessee, alleging violations of 42 U.S.C. § 1983, the Administrative Procedure Act, Due Process, and the Tucker Act, stemming from the wrongful foreclosure of real property owned by Muhammad. (ECF No. 1.) On February 11, 2022, the Clerk's office mailed Muhammad blank summonses and directed her to return a properly completed summons for each of the defendants. (ECF No. 8.) On the same day, Muhammad filed an amended complaint, adding the law firm of Wyatt, Tarrant & Combs, LLP ("Wyatt") as a defendant. (ECF No. 9.) The Clerk's office reissued blank summonses for the original defendants and issued a blank summons for Wyatt. (ECF Nos. 11 & 12.) None of the summonses have been returned executed. Muhammad's original and amended complaints contain very few facts and largely consist of statements of law. (ECF Nos. 1,9.)

On February 20, 2022, Muhammad filed the present motion, which seeks to "restrain the State court, attorney, and or 3rd party buyers from accessing or controlling [her] property." (ECF No. 13 at 2.) Although the two-page motion is somewhat unclear, the undersigned interprets the motion as an attempt to stop

foreclosure proceedings of real property owned by Muhammad. Muhammad served all defendants with a copy of the motion. (ECF No. 13-1.) Neither the original and amended complaints nor the present motion identifies the exact property at issue, the status of any foreclosure proceedings, or the roles of the parties within the case.

## II.   PROPOSED CONCLUSIONS OF LAW

Preliminary injunctions and TROs are governed by Fed. R. Civ. P. 65. Farnsworth v. Nationstar Mortg., LLC, 569 F. App'x 421, 427 (6th Cir. 2014). Rule 65(a)(1) specifies that the "court may issue a preliminary injunction only on notice to the adverse party." Here, Muhammad has served defendants with the present motion, so the undersigned will construe her motion as a motion for a preliminary injunction. Fed. R. Civ. P. 65. Preliminary injunctions and TROs are extraordinary remedies that should be granted only if the movant carries their burden of proving that the circumstances clearly demand it. See Overstreet v. Lexington-Fayette Urban Cty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002). When evaluating whether to issue a preliminary injunction or TRO, the court must consider "(1) whether the movant is likely to succeed on the merits; (2) whether the movant will suffer irreparable injury in the absence of an

injunction; (3) whether the injunction will cause substantial harm to others; and (4) whether the injunction will serve the public interest." Bradfield v. Perry, No. 17-5450, 2017 U.S. App. LEXIS 24358, at *2-3 (6th Cir. Nov. 30, 2017); Overstreet, 305 F.3d at 573.

   First, the undersigned is not satisfied at this point in the litigation that Muhammad has demonstrated a likelihood of success on the merits. In her complaint, which is difficult to follow, Muhammad challenges the constitutionality of the Tennessee foreclosure statute, stating "it is missing the 3 elements the state constitution mandates must be present for something to be a valid law." (ECF No. 1 at 3.) Because Muhammad does not identify the specific statute that she is challenging, the undersigned cannot assess the merits of the claim. Muhammad also argues that "[t]he state court lacked jurisdiction, due to the fact the attorney who filed the illegal foreclosure is a foreign agent and as such must file a complaint in the federal court for the court to have jurisdiction." (Id.) This claim is legally frivolous and is without any basis in law or fact. Trump v. U.S. Atty. Gen., No. 1:08-cv-23, 2008 WL 696437, at *1 (W.D. Mich. Mar. 12, 2008) (finding as frivolous argument that attorneys licensed to practice law in Michigan are improperly

- 4 -

registered foreign agents).

Additionally, from what the court can glean from her complaint, Muhammad appears to be suing Chancellor Jenkins based on actions performed in his judicial function. In her complaint, Muhammad writes, "[t]he state court judges are participating in the misconduct of making a legal determination as an administrative judge without jurisdiction, and therefore the defendant did not get a fair and impartial procedure in the state court." (ECF No. 1 at 2.) It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. Foster v. Walsh, 864 F.2d 416, 417–18 (6th Cir. 1988). Because Muhammad's claims appear to relate to Chancellor Jenkins's judicial function, she is unlikely to succeed on this claim.

Moreover, Muhammad's claims against the defendant State of Tennessee will likely be unsuccessful. The Eleventh Amendment bars "a suit in which the State or one its agencies or departments is named as the defendant" unless the State has waived its sovereign immunity. Pennhurst State School & Hosp. v. Haldernman, 465 U.S. 89, 100 (1984); see also Haertel v. Mich. Dep't of Corrections, No. 20-1904, 2021 WL 4271908, at *3 (6th

Cir. May 11, 2021). Tennessee has not so waived. Tenn. Code Ann. § 20-13-102. Further, Muhammad's § 1983 claim is not applicable to the states. Dulai v. Mich. Dep't of Cmty. Health, 71 F. App'x 479, 481 (6th Cir. 2003) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 63-64 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983)). Overall, the undersigned finds Muhammad has not demonstrated a likelihood of success on the merits.

Second, Muhammad has not demonstrated that, absent a preliminary injunction, she will suffer immediate and irreparable harm. The Sixth Circuit has explained that a plaintiff's injury is considered "irreparable if it is not fully compensable by monetary damages." Overstreet, 305 F.3d at 578. Muhammad has not shown that monetary damages would be insufficient to compensate her. In fact, in her complaint, Muhammad does not seek injunctive relief regarding foreclosure on her property. Rather, she requests, "compensatory damages in gold," punitive damages, and "pre[-]judgment and post-judgment interest on all sums awarded in this action . . . including reasonable legal fees." (ECF No. 9 at 10.) In addition to monetary damages, Muhammad seeks "control of the court's corporate charter" and a position on the court's "Board of

Directors." (Id.)

"The Sixth Circuit has commented without discussion that 'a foreclosure in terms of losing unique real property' constitutes irreparable harm for purposes of Rule 65." Ward v. Coleman-Ward, No. 1:19-cv-1119-STA-jay, 2019 WL 5212901, at *4 (W.D. Tenn. Oct. 16, 2019) (quoting Wonderland Shopping Ctr. Venture Ltd. P'ship v. CDC Mortg. Capital, Inc., 274 F.3d 1085, 1097 (6th Cir. 2001)). However, Muhammad has not described the property in question, nor suggested that it has unique features. See, e.g., id. (stating a 55-acre parcel of land that was the "last parcel of a 150-acre family homestead" is "unique" and therefore its loss could be irreparable).

Additionally, "there remains at least the theoretical possibility that Plaintiff could also redeem the property within two years of the foreclosure sale as a matter of Tennessee law." Id. (citing Tenn. Code Ann. § 66-8-101) ("Real estate sold for debt shall be redeemable at any time within two (2) years after such sale: . . . [w]here it is sold under a deed of trust or mortgage without a judicial sentence, unless [exceptions apply]"). "In an unreported decision, the Sixth Circuit found that foreclosure would not constitute irreparable harm where state law permitted a right of redemption, as Tennessee does."

- 7 -

Id. (citing Livonia Props. Holdings, LLC v. Farmington Road Holdings, LLC, 399 F. App'x 97, 104 (6th Cir. 2010)) (finding no error in the district court's conclusion that foreclosure was not irreparable considering Michigan's right of redemption). Under the circumstances, the court does not find that foreclosure will result in irreparable harm to Muhammad. Therefore, this factor does not weigh in favor of granting a preliminary injunction.

Third, a preliminary injunction could pose a risk of harm to third parties. The non-party lender would certainly have an argument that an injunction would continue to deny them the benefit of their bargain with plaintiff and result in loss of income. See, e.g., Turner v. Lerner, Sampson & Rothfuss, 1:11-cv-56, 2011 WL 1357451, at *4 (N.D. Ohio, Apr. 11, 2011) ("Beyond the economic cost of not being able to sell a particular asset for several months, the banks will potentially also be forced to pay insurance, taxes, and other fees associated with the ownership of the homes for this time period.") The court notes that Muhammad's complaint is not entirely clear about the role that each defendant plays in the case. Because Muhammad did not make clear that the lender is a defendant in her complaint, this factor weighs slightly against

the granting of a preliminary injunction. Finally, the public interest factor does not weigh either in favor of or against issuance of a preliminary injunction. Ward, 2019 WL 5212901, at *5.

In sum, the undersigned finds that Muhammad has not shown an entitlement to a preliminary injunction. Because the outcome is clear and there are no disputes of fact, the undersigned does not find it necessary to have an emergency hearing on this motion. Caspar v. Snyder, 77 F. Supp. 3d 616, 639 (E.D. Mich. 2015) ("[N]o evidentiary hearing is required for a preliminary injunction when factual matters are not in material dispute.").

### III. RECOMMENDATION

For the reasons above, it is recommended that Muhammad's motion for a preliminary injunction and request for an emergency hearing be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

March 2, 2022
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND**

**RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**