# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| FAATIMAH MUHAMMAD,            )<br>     Plaintiff,                              )<br>                                              )<br>v.                                          )<br>                                              )<br>JOEDAE L. JENKINS, et al.,     )<br>                                              )<br>     Defendants.                        ) | No. 2:22-cv-02053-SHL-tmp |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR AN EMERGENCY HEARING

Before the Court are Chief Magistrate Judge Tu M. Pham's Report and Recommendation ("Report"), recommending the denial of Plaintiff's Motion for Temporary Restraining Order ("TRO") and request for an emergency hearing, (ECF No. 15), and her Objections to this Report. (ECF No. 31.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for denying injunctive relief. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Here, Plaintiff filed this Motion to halt the foreclosure of real property. (ECF Nos. 13.) The Magistrate Judge construed this Motion as one seeking a preliminary injunction and found that she did not meet the requirements to show that she is entitled to this extraordinary relief.

(ECF No. 15 at PageID 78.)  Chiefly, the Magistrate Judge found that Plaintiff had not shown that her claims were likely to succeed on the merits and failed to demonstrate that, absent a preliminary injunction, she would suffer immediate and irreparable harm.  (Id. at PageID 73-75.)

In response, Plaintiff objects to the recommended denial of the preliminary injunction by challenging the legitimacy of the foreclosure proceedings brought against her.  First, Plaintiff reasserts that the state court that decided the foreclosure action lacked the jurisdiction to do so because the attorney who initiated it is a "foreign agent."  (ECF No. 31 at PageID 409.)  She contends that, "until jurisdiction is proven on record," the alleged wrongful foreclosure of her real property must cease and that this instant case should proceed.  (Id. at PageID 407.)  Second, Plaintiff argues that Defendants conspired against her during the state court proceedings in violation of 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO") and that she did not receive a fair proceeding as a result.  She further seems to contend that the Tucker Act exposes at least some Defendants to liability for these alleged violations. (ECF No. 31 at PageID 408.)

The Court finds that Plaintiff's objections are frivolous and do not meaningfully challenge the Magistrate Judge's legal conclusion.  To begin, Plaintiff presents no evidence and cites no valid authority to substantiate her assertion that the opposing attorney in the foreclosure action was legally barred from litigating in state court.  Thus, there is no reason to believe that the state court lacked jurisdiction to hear and decide the foreclosure proceedings.

Moreover, Plaintiff does not explain how Defendants Attorney Douglas Alrutz, Charles Shoffner or the law firm, Wyatt, Tarrant & Combs, LLP, private citizens and entities, acted "under color of state law," as is required to state a claim under 42 U.S.C. § 1983.  Moreover, both the State of Tennessee and Chancellor JoeDae L. Jenkins are generally immune from Plaintiff's constitutional claims.  See Pennhurst State School Hosp. v. Halderman, 465 U.S. 89,

100 (1984) (finding that States are immune from suits brought in federal courts by their own citizens absent express consent); Foster v. Walsh, 864 F. 2d 416, 417-18 (6th Cir. 1988) (holding that judges and other court officers enjoy absolute immunity from suit on claims that arise from their performance of judicial or quasi-judicial function).  Plaintiff's invocation of the Tucker Act and its companion statute, The Little Tucker Act, 28 U.S.C. § 1346, does not alter this conclusion because these statutes specifically apply to certain claims against the United States, which was not a party in the state action or this instant case.  See United States v. Bormes, 586 U.S. 6, 10 (2012) ("[T]he Little Tucker Act provides that district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims of a civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon . . . any Act of Congress.") (internal quotations omitted).  Lastly, Plaintiff's RICO claims are unavailing because there is not a hint of evidence to support her serious accusations that the foreclosure of her real property was a scheme effectuated through a criminal enterprise.  As such, there is no factual or legal basis for her conspiracy claims and no proof that the state court's decision was unjustly made.  Therefore, the Court finds that Plaintiff's objections do not refute the Magistrate Judge's legal conclusion, which was soundly reached.

    Having addressed Plaintiff's objections, the Court reviews the Report using the clear error standard and finds none.  Therefore, the Court **ADOPTS** the Chief Magistrate Judge's Report and **DENIES** Plaintiff's Motion.

    **IT IS SO ORDERED**, this 1st day of April, 2022.

                                                  s/ Sheryl H. Lipman  
                                                SHERYL H. LIPMAN  
                                                UNITED STATES DISTRICT JUDGE