```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
_____

FAATIMAH MUHAMMAD,             )
                               )
     Plaintiff,                )
                               )
v.                             )    No. 22-2053-SHL-tmp
                               )
JOEDAE L. JENKINS, et al.,     )
                               )
     Defendants.               )
_____

                  REPORT AND RECOMMENDATION
_____
```

Before the court are four motions filed by the plaintiff, Faatimah Muhammad, and all defendants. Muhammad has filed a Motion for Entry of Default. (ECF No. 38.) Defendants Chancellor JoeDae Jenkins and the State of Tennessee have filed a Motion to Dismiss, (ECF No. 20), and a Motion to Strike Plaintiff's Second Amended Complaint, (ECF No. 33). Defendant Charles Shoffner has filed a Motion for Judgment on the Pleadings.[1] (ECF No. 24.) For the reasons set forth below, the undersigned recommends denying Muhammad's Motion for Entry of Default, granting Chancellor Jenkins and the State's Motion to Dismiss and Motion to Strike, granting Shoffner's Motion for Judgment on the Pleadings, and finally dismissing

---

[1] According to the briefing, Shoffner's name is misspelled in plaintiff's filings and on the court docket.

Muhammad's complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(1).

## I. PROPOSED FINDINGS OF FACT

The constellation of motions before the court all stem from the same set of operative facts. In her original *pro se* complaint, plaintiff Faatimah Muhammad asserts that the defendants violated her constitutional rights by unlawfully foreclosing on property she owned and evicting her. (ECF No. 1 at 3.) Beyond this, both the complaint and first amended complaint state little to no articulable facts, instead citing numerous statutes and prior court decisions involving 42 U.S.C. § 1983, the Tucker Act, and the Uniform Commercial Code. Defendants' multiple motions and attached exhibits provide additional details necessary to understand the context and legal posture of the case. Because the exhibits largely consist of state court records and are central to the claims, the undersigned may rely on them in deciding the instant motions. See Embassy Realty Investments, LLC v. City of Cleveland, 877 F. Supp. 2d 564, 571-72 (N.D. Ohio 2012) ("Because the documents attached to defendants' motion are public records, and many are referenced in the Complaint and are central to plaintiffs' claims, the Court finds that it may consider the existence of these documents in ruling on defendants' dispositive motion."); see also Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial

notice of proceedings in other courts of record.") (quoting Granader v. Public Bank, 417 F.2d 75, 82-83 (6th Cir. 1969)).

The property at issue sits at 414 South Main Street in Memphis, Tennessee. (ECF No. 20-2 at 1.) In 1999, Muhammad and a non-party partner "obtained a commercial loan in the original principal amount of $250,000 from Union Planters Bank" secured by the property. (Id.) Union Planters Bank later merged with Regions Bank. Regions and Muhammad mutually agreed that Regions was the holder and owner of the loan's Note and the Deed of Trust and executed a Modification Agreement. (Id. at 3.) In 2014, the loan matured and its outstanding principal balance became due. (Id. at 3-4.) On August 7, 2015, Regions made a demand for the full amount due under the loan and renewed this demand on October 16, 2015. (Id. at 5.) Muhammad never paid off the outstanding balance and entered default on the loan. Regions then appointed defendant Douglas Alrutz, an attorney with the law firm of defendant Wyatt, Tarrant & Combs LLP ("WTC"), as its successor trustee. (ECF No. 24-1 at 3.) Muhammad allegedly transferred the property multiple times through quit claim deeds and filed multiple suits against Regions seeking to prevent the foreclosure. (Id. at 6.) Shelby County Chancellor JoeDae Jenkins, a defendant in this case, presided over most if not all of Muhammad's numerous state court suits. (Id. at 5-7.) Despite multiple chances at redemption and temporary injunctions of the foreclosure issued by Chancellor

Jenkins, Muhammad was unable to make payments or comply with court orders that would have prevented foreclosure. (Id.) Ultimately, the property was sold to defendant Charles Shoffner at a foreclosure sale conducted by Alrutz held on November 17, 2019. (Id. at 7.)

After the sale, Muhammad allegedly refused to vacate the property. Shoffner then filed a possessory action in Shelby County General Sessions Court. (Id. at 8.) Muhammad filed a separate suit in federal court seeking to enjoin that lawsuit, which ended in a Rule 41 nonsuit. (Id. at 9.) On November 18, 2020, Shelby County Circuit Court Judge Jerry Stokes issued an immediate writ of possession and Shoffner took possession the next day. (Id. at 9-10.) Chancellor Jenkins is still overseeing an active suit on these issues brought by Wellsprings Abundant Ministry Trust, to whom Muhammad allegedly transferred her interest in the property by quit claim deed on June 26, 2019.[2] (Id. at 6.)

Muhammad filed the present case on January 26, 2022. (ECF No. 1.) On February 20, 2022, Muhammad filed a motion for a temporary restraining order. The undersigned considered this motion and entered a report and recommendation recommending that it be denied,

---

[2]Wellsprings was originally listed as a co-plaintiff in the present federal action but was terminated after they were not listed as a plaintiff on Muhammad's first amended complaint. (ECF No. 9.)

which presiding District Judge Sheryl Lipman adopted on April 1, 2022. (ECF No. 39.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Motion to Dismiss by Chancellor Jenkins and the State of Tennessee

Chancellor Jenkins and the State of Tennessee argue that Muhammad's complaint fails to state a claim upon which relief can be granted and should accordingly be dismissed under Federal Rule of Civil Procedure 12(b)(6). To avoid dismissal for failure to state a claim under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679. The pleading standard is raised even higher where a plaintiff brings allegations of fraud or mistake. Federal Rule of Civil Procedure 9 requires that a party describe "with particularity the circumstances constituting fraud

or mistake," given that fraud claims pose a substantial risk of abusive or frivolous litigation. Republic Bank & Trust Co. v. Bear Stearns & Co., Inc., 683 F.3d 239, 247 (6th Cir. 2012).

While courts liberally construe *pro se* pleadings, even a *pro se* complaint must satisfy the plausibility standard. Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011); see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to *pro se* litigants has limits."). "Courts 'have no obligation to act as counsel or paralegal' to *pro se* litigants." Matthews v. City of Memphis, No. 2:14-cv-02094, 2014 WL 3049906, at *1 (W.D. Tenn. July 3, 2014) (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). "Courts are also not 'required to create' a *pro se* litigant's claim for him." Id. (quoting Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003)).

Muhammad's complaint makes only conclusory allegations where it makes allegations at all. Most of the complaint consists of citations to miscellaneous statutes or reported cases. At various points, Muhammad accuses Chancellor Jenkins of acting "as an administrative judge without jurisdiction" but provides no basis for this claim. (ECF No. 9 at 2.) She further accuses the defendants of conspiring to steal her property and depriving her of due process of law, and summarily states that "the foreclosure statute" (it is unclear which statute she refers to) is unconstitutional. (Id. at 3.) She states that the defendants

"committed real estate deed fraud when they failed to deliver the plaintiff's property deed to her as mandated in the state real estate property transfer statutes." (Id.) These statutes are not identified, and at no point are specific facts cited or incidents described. As the Supreme Court has recognized, "mere legal conclusions are not entitled to the assumption of truth" without factual allegations to support them. Iqbal, 556 U.S. at 679. Muhammad has not brought factual allegations, and therefore has not satisfied the general plausibility standard or the heightened pleading requirement of Rule 9.

In the interest of thoroughness, however, the undersigned will briefly address some of Muhammad's more discrete legal claims. Her claim that "the attorney who filed the illegal foreclosure is a foreign agent" is "legally frivolous and is without any basis in law or fact."[3] (ECF No. 15 at 4.) Any claim under the Tucker Act is not within the jurisdiction of this court (since Muhammad has

---

[3] Muhammad's response to the motion focuses solely on this claim, as she believes that a "state court has no jurisdiction to hear a dispute between a State Citizen and a foreign agent." (ECF No. 9 at 3; ECF No. 29 at 1.) Her emphasis on this argument allows the court to "*sua sponte* dismiss [her] complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure." Finley v. Adler, No. 2:21-cv-02527-JTF-tmp, 2022 WL 729421, at *4-5 (W.D. Tenn. Mar. 10, 2022) (dismissing as frivolous an almost identical claim that a state court has no jurisdiction over a dispute between a state citizen and "foreign agent" where plaintiff alleged opposing counsel was a foreign agent).

sought more than $10,000 in damages and seeks to recover against parties besides the United States), as Judge Lipman held in her order adopting the undersigned's prior report and recommendation in this case.[4] 28 U.S.C. § 1346; (see also ECF No. 39 at 3) ("These statutes specifically apply to certain claims against the United States, which was not a party in the state action or this instant case."). Any claims brought against Chancellor Jenkins for his actions presiding over Muhammad's prior cases and foreclosure would be barred by judicial immunity unless she could demonstrate that he acted in the complete absence of jurisdiction, which this complaint does not do. Ward v. City of Norwalk, 640 F. App'x 462, 466 (6th Cir. 2016). Any claims brought against the State of Tennessee or its officials in their official capacity for money damages owed due to violations of her civil rights would be barred by sovereign immunity. Ernst v. Rising, 427 F.3d 351, 358 (6th Cir. 2005). Further, as the undersigned previously noted, "Muhammad's § 1983 claim is not applicable to states" at all. (ECF No. 15 at 6) (citing Dulai v. Mich. Dep't of Cmty. Health, 71 F. App'x 479, 481 (6th Cir. 2003) (citing Will v. Mich. Dep't of State

---

[4]Muhammad specifically seeks "20- Million Dollars, in compensatory, punitive, and future damages." She also specifies that this amount should be paid in gold. She further seeks to have this court "revoke both the state court judge's license to practice law" and for the court to "seize the attorney home and donate it to the Boy's and Girls Club in the area, and grant the plaintiff control over the State court's corporate charter." (ECF No. 9 at 4.)

Police, 491 U.S. 58, 63-64 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983))). Finally, her claims brought under the Administrative Procedures Act are not cognizable, as she has not pointed to an underlying action taken by a federal agency from which she seeks relief. 5 U.S.C. § 702.

The undersigned recommends that the Motion to Dismiss be granted.

**B.   Motion for Judgment on the Pleadings by Shoffner**

Since "in the Sixth Circuit, a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6)," the standard described above for the motion to dismiss applies to the arguments in this motion as well. Adkisson v. Jacobs Eng'g Group, Inc., 342 F. Supp. 3d 791, 808 (E.D. Tenn. 2018) (quoting Avalon Health Care, LLC. V. Trustmark Ins. Co., 471 F. Supp. 2d 869, 871 (M.D. Tenn. 2007)); see also Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 511-12 (6th Cir. 2001).

Shoffner's motion makes similar arguments to Chancellor Jenkins's. He notes that Muhammad has not described "any deprivation of rights under the Constitution" or cited any applicable statutes. Shoffner makes the further point that Muhammad's § 1983 claims cannot apply to him, as he is not a state

actor but instead a private citizen, and buying foreclosed property does not constitute state action under § 1983. Chapman v. Higbee Co., 319 F.3d 825, 833 (6th Cir. 2003); Northrip v. Fed. Nat'l Mortg. Assoc., 527 F.2d 23, 31 (6th Cir. 1975) ("Mortgage foreclosures through power of sale agreements are not powers of a governmental nature.") To the extent Muhammad attempts to allege a conspiracy between state actors and a private citizen, she has not stated more than "vague and conclusory allegations" of such a conspiracy, which prevents her claims from proceeding. Marvaso v. Sanchez, 971 F.3d 599, 606 (6th Cir. 2020) (quoting Heyne v. Metro. Nashville Pub. Schs., 655 F.3d 556, 563 (6th Cir. 2011)). As Judge Lipman previously stated, "Plaintiff does not explain how Defendants Attorney Douglas Alrutz, Charles Shoffner or the law firm, Wyatt, Tarrant & Combs, LLP, private citizens and entities, acted 'under color of state law,' as is required to state a claim under 42 U.S.C. § 1983." (ECF No. 39 at 2.) There is simply no theory of liability stated in the complaint that would apply to Shoffner, a private citizen.[5] It is recommended that this motion be granted.

**C.   Muhammad's Motion for Default Judgment**

---

[5] Muhammad filed a joint reply to the Motion to Dismiss and Motion for Judgment on the Pleadings, which focused exclusively on the foreign agent allegations addressed in Footnote 3.

Muhammad also filed a Motion for Default Judgment on April 1, 2022, stating that "Plaintiffs is requesting a default judgment in this case because the defendant's [sic] did not respond or is otherwise attempting to avoid the dispute altogether. The defendant's [sic] have not responded to the complaint or summons, so they cannot dispute plaintiff's arguments."

Federal Rule of Civil Procedure 12(a)(1)(A) provides defendants with twenty-one days to respond to a pleading after they are served with the relevant pleading. Federal Rule of Civil Procedure 55 "permits the clerk to enter a default when a party fails to defend an action as required. The court may then enter a default judgment [under Rule 55(b)(1)]." Weiss v. St. Paul Fire & Marine Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002). All defendants in this case have timely responded to the original complaint, amended complaint, and litany of motions plaintiff has filed. (See ECF Nos. 17, 20, 21, 23, 24, 26, 32, 33, 34, 35.) There is no basis for entering a default judgment against any defendant. The undersigned recommends that Muhammad's Motion for Default Judgment be denied.

**D.  Motion to Strike the Second Amended Complaint**

On March 14, 2022, Muhammad filed her "Second Amended Complaint" in this case. (ECF No. 27.) Jenkins and the State of Tennessee's Motion to Strike Muhammad's Second Amended Complaint argues that Federal Rule of Civil Procedure 15 only allows parties

to amend their complaint once as a matter of right, with all other amendments requiring the consent of the other party or leave of court.

Muhammad did not seek leave of court to file her second amended complaint and defendants did not consent to its filing. Indeed, the defendants argue that the new complaint asserts "new and serious claims of civil racketeering against the State Defendants while a dispositive motion to dismiss is pending [and] would result in significant prejudice to the Defendants." Courts routinely strike pleadings for a failure to comply with Rule 15. See Anders v. Shelby Cty., No. 2:16-cv-02775-SHM-cgc, 2017 WL 6504014, at *2 (W.D. Tenn. Apr. 6, 2017); Carnett v. PNC Mortgage, No. 12-1081-JDB/egb, 2013 WL 12147018, at *1 (W.D. Tenn. Mar. 8, 2013).

Further, after reviewing the complaint, the undersigned finds that any amendment would be futile. Sarrell v. Waupaca Foundry, Inc., 1:17-cv-56-TRM-SKL, 2017 WL 3161147, at *2 (E.D. Tenn. Jul. 25, 2017) ("Although leave to amend is ordinarily freely given under Fed. R. Civ. P. 15, an amendment may be denied as futile if the claim sought to be added 'could not withstand a Rule 12(b)(6) motion to dismiss.'") (citing Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000)). The amended complaint attempts to add RICO claims, which Judge Lipman has already held "unavailing because there is not a hint of evidence to support her

serious accusations that the foreclosure of her real property was a scheme effectuated through a criminal enterprise." (ECF No. 39 at 3.)

The only other claim sought to be added is an intentional infliction of emotional distress claim against defendant Shoffner. This claim would be futile as well. Under Tennessee law, Muhammad must sufficiently allege that Shoffner engaged in conduct that "(1) [was] intentional or reckless, (2) so outrageous that [it] is not tolerated by civilized society, and (3) resulted in serious mental injury[.]" Sharpe v. CoreCivic of Tennessee, LLC, No. 3:20-cv-00122, 2020 WL 6273919, at *2 (M.D. Tenn. Oct. 26, 2020) (quoting Rogers v. Louisville Land Co., 367 S.W.3d 196, 205 (Tenn. 2012)). Muhammad has not alleged any conduct that would plausibly meet the high standard for outrageousness. Cossairt v. Jarrett Builders, Inc., 292 F. Supp. 3d 779, 789 (M.D. Tenn. 2018) (noting that "cases finding conduct sufficient to support an [IIED] claim are few and far between."). Accordingly, the undersigned recommends that the defendants' Motion to Strike be granted.

**E.   Remaining Claims**

If the above recommendations are adopted, then defendants Alrutz and WTC would be the only defendants left remaining in the case. As indicated in their recently filed answer, they will likely file a "subsequent motion for judgment on the pleadings under Fed. R. Civ. P. 12(c)." (ECF No. 35 at 2.) However, a district court

"may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). Muhammad's complaint consists of largely conspiratorial claims and language indicative of the loosely defined sovereign citizen movement, which are routinely dismissed under Rule 12(b)(1). Davis v. McClain, No. 2:19-cv-3466, 2019 WL 5853474, at *3 (S.D. Ohio Nov. 8, 2019) (collecting cases). The undersigned recommends dismissing not only the remaining claims against Alrutz and WTC, but also the complaint in its entirety, *sua sponte*, as frivolous and devoid of merit.

### III.   RECOMMENDATION

Based on the above, it is recommended that:

- Defendants Chancellor Jenkins and the State of Tennessee's Motion to Dismiss be granted.
- Defendant Shoffner's Motion for Judgment on the Pleadings be granted.
- Defendant Chancellor Jenkins and the State of Tennessee's Motion to Strike Muhammad's Second Amended Complaint be granted.
- Muhammad's Motion for Default Judgment be denied.

- The entirety of Muhammad's complaint be dismissed *sua sponte* under Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

April 27, 2022
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**