IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **FAATIMAH MUHAMMAD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      No. 22-2053-SHL-tmp |
| | ) |
| **JOEDAE L. JENKINS, et al.,** | ) |
| | ) |
| Defendants. | ) |

_____

**ORDER DENYING PLAINTIFFS' MOTIONS FOR DISCOVERY AND MOTION TO STRIKE NOTICE OF APPEARANCE**
_____

Before the court are three motions filed by plaintiff Faatimah Muhammad: two Motions for Discovery, (ECF Nos. 3 and 10), and a Motion to Strike a Notice of Appearance. (ECF No. 30.) For the reasons set forth below, all of the motions are DENIED.

I.   BACKGROUND

The facts of this case are set out in the undersigned's previously entered report and recommendation. (ECF No. 40.) In brief, Muhammad seeks to have the foreclosure of her former property set aside, be paid damages for alleged constitutional harms incurred during the foreclosure process, and be awarded a variety of other equitable relief ranging from charitable donations to the removal of state court judges. In pursuit of this relief, she has sued Shelby County Chancellor JoeDae Jenkins, who presided over the foreclosure case, the State of Tennessee, Charles

Shoffner, who purchased the property after foreclosure, Douglas Alrutz, who oversaw the foreclosure as trustee, and the law firm of Wyatt, Tarrant & Combs LLP ("WTC"), Alrutz's employer.

## II.  ANALYSIS

In her Motions for Discovery,[1] Muhammad requests the following of all defendants:

1. Copies of all work product regarding Cases of Plaintiff.

2. Copies of all emails and communications between the defendant's [sic] and the lender listed as the plaintiff in the state court foreclosure case.

3. Copies of communication between the defendants and the court clerk pertaining to the state illegal foreclosure

4. The original contract the defendant's [sic] used to provide the state court with jurisdiction to hear their foreclosure case.

5. A certified copy of the contract the attorney signed to verify agency, and that the attorney was hired by the by the [sic] lender and not working as an illegal 3rd party debt collector.

6. Verification to prove the attorney who filed the illegal foreclosure in the state court is registered with the National Attorney General as a foreign agent.

7. Certified copies of the defendant's [sic] IRS 8883 Asset Allocations Statement Under Section 338

8. Certified Asset Acquisition Statement Under Section 1060 of the IRS code

9. Certified copies of the defendant's [sic] IRS statement showing the above mentioned IRS forms for the last 2-yrs.

---

[1] Muhammad docketed the same motion twice, once at ECF No. 3 and again at ECF No. 10.

> 10. Copies of any evidence to prove there was a loan made to the plaintiff.

(ECF No. 10 at 1-2.) Chancellor Jenkins, the State of Tennessee, Alrutz, and WTC responded to the motions in two separate responses. (ECF No. 23, 26.) Alrutz and WTC argue that Muhammad did not consult with them in violation of the Local Rules, and that none of the requirements to begin discovery under Federal Rule of Civil Procedure 26 have occurred. (ECF No. 23.) Chancellor Jenkins and the State of Tennessee argue discovery should be stayed pending the resolution of their Motion to Dismiss. (ECF No. 26.)

Under Federal Rule of Civil Procedure 26(a)(1)(C), initial disclosures in discovery are not due until 14 days after the parties' Rule 26(f) conference unless changed by court order. See Khalil v. Transunion, LLC, No. 08-10303, 2008 WL 4642857, at *2 (E.D. Mich. Oct. 20, 2008). Here, no Rule 26(f) conference has taken place, and the court has not expedited discovery. Additionally, there is no evidence that any defendant has even been served with the requested discovery. Ward v. American Pizza Co., 279 F.R.D. 451, 454 (S.D. Ohio 2012) ("Before moving the Court for an order directing [the defendant] to produce any discovery, [the plaintiff] must first serve [the defendant] with a request for discovery.") (citing Fed. R. Civ. P. 37(a)(3)(B)). Further, the undersigned has entered a report and recommendation recommending that all of Muhammad's claims be dismissed, the

disposition of which could make discovery moot. For all of these reasons, Muhammad's Motions for Discovery are premature and are hereby DENIED.

Muhammad's Motion to Strike "demand[s]" the court "strike the 'Notice of Appearance' filed in this case by Douglas M. Alrutz and Vorder-Bruegge, Mark from the court record because a corporation cannot represent it's [sic] self in court." (ECF No. 30 at 1.) As Alrutz and WTC's response points out, this admittedly true principle is inapplicable to Vorder-Bruegge, WTC's general counsel, representing the law firm in federal court. The cases Muhammad cites note that "a corporation must be represented by an attorney to appear in federal court" and relate to a corporation attempting to defend itself *pro se* through an officer. See Tal v. Hogan, 453 F.3d 1244, 1254 (10th Cir. 2006). Here, WTC is not attempting to proceed *pro se*. Accordingly, Muhammad's Motion to Strike Notice of Appearance is DENIED.

### III.  CONCLUSION

Based on the above, Muhammad's Motions for Discovery and Motion to Strike Notice of Appearance are DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

April 27, 2022
Date