```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
_____

FAATIMAH MUHAMMAD,              )
                                )
     Plaintiff,                 )
                                )
v.                              )      No. 22-2053-SHL-tmp
                                )
CHARLES SHOFFNER, et al.,       )
                                )
     Defendants.                )
_____

                      REPORT AND RECOMMENDATION
_____
```

Before the court is defendant Charles Shoffner's Motion for Attorneys' Fees, filed on June 14, 2022. (ECF No. 47.) The present motion seeks an award of attorneys' fees from defending an allegedly frivolous suit brought under 42 U.S.C. § 1983. The undersigned previously entered a Report and Recommendation recommending that all of plaintiff Faatimah Muhammad's claims be dismissed, which was subsequently adopted by presiding District Judge Sheryl Lipman on May 27, 2022. (ECF Nos. 40, 45.) For the below reasons, the undersigned recommends granting Shoffner's motion and awarding fees in the amount of $14,585 against Muhammad.

### I. PROPOSED FINDINGS OF FACT

In her original *pro se* complaint, Muhammad asserted that numerous defendants violated her constitutional rights by unlawfully foreclosing on property she owned and evicting her.

(ECF No. 1 at 3.) Beyond this, both the complaint and first amended complaint stated little to no articulable facts, instead citing numerous statutes and prior court decisions involving 42 U.S.C. § 1983, the Tucker Act, and the Uniform Commercial Code.

The exact procedural history of this case is complicated and need not be recounted in full here. It is enough to say that Muhammad filed multiple overlapping lawsuits in both state and federal court over seven years seeking to prevent the foreclosure and eviction, many premised on baseless readings of statutes, all of which were ultimately unsuccessful. Further, Muhammad engaged in a series of deed transfers of the property in question, bringing multiple other parties into the suit and complicating an ultimate judgment.

The present suit was resolved on May 27, 2022, when Judge Lipman adopted a Report and Recommendation from the undersigned recommending that all of Muhammad's claims be dismissed. (ECF No. 45.) In that Report and Recommendation, the undersigned stated that "Muhammad's complaint consists of largely conspiratorial claims and language indicative of the loosely defined sovereign citizen movement, which are routinely dismissed under Rule 12(b)(1)[,]" while recommending that the court *sua sponte* dismiss as frivolous any of Muhammad's remaining claims, including those that some defendants had not yet moved to dismiss. (ECF No. 40 at 14) (citing Davis v. McClain, No. 2:19-cv-3466, 2019 WL 5853474,

at *3 (S.D. Ohio Nov. 8, 2019)). After this Report and Recommendation was issued, Shoffner filed a Motion for Sanctions and an Objection to the Report and Recommendation, both agreeing with the rationale of the Report and Recommendation but seeking to preserve his right to pursue attorneys' fees from Muhammad. (ECF Nos. 42, 44.) In adopting the Report and Recommendation, Judge Lipman agreed with the undersigned's reasoning and dismissed Muhammad's complaint "sua sponte for lack of subject matter jurisdiction in its entirety." (ECF No. 45 at 5.) In that order, Judge Lipman also stated that Shoffner had "prematurely raise[d] the issue of attorney's fees" in his previous motion, and noted that "Section 42 U.S.C. § 1988 provides that courts may allow the prevailing party in a § 1983 action 'a reasonable attorney's fee as part of the costs' of litigation." (Id. at 3.)

Shoffner filed the present motion on June 14, 2022, seeking attorneys' fees pursuant to 42 U.S.C. § 1988. (ECF No. 47.) Shoffner argues that Muhammad's suit was "abjectly frivolous" and that he is entitled to a full award of attorneys' fees as a result, in the amount of $14,585. (Id. at PageID 515.) Muhammad never responded to the motion.

## II.   PROPOSED CONCLUSIONS OF LAW

**A.   Justification for Attorneys' Fees**

42 U.S.C. § 1988 allows a "'prevailing party' to collect attorneys' fees from its opponent in certain circumstances,

- 3 -

including in cases filed under 42 U.S.C. § 1983[.]" Planned Parenthood Sw. Ohio Region v. DeWine, 931 F.3d 530, 538 (6th Cir. 2019) (citing Sole v. Wyner, 551 U.S. 74, 77 (2007)). The statute allows "prevailing defendants" to collect attorneys' fees, but only "upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Kidis v. Reid, 976 F.3d 708, 721-22 (6th Cir. 2020) (quoting Mich. Flyer LLC v. Wayne Cty. Airport Auth., 860 F.3d 425, 433 (6th Cir. 2017)). This is a "higher bar than [] prevailing plaintiff counterparts" face, and courts caution against engaging in "'post hoc reasoning' that an unsuccessful plaintiff's decision to pursue the 'action must have been unreasonable or without foundation.'" Id. at 722 (quoting Schropshire v. Smith, 50 F.3d 10, 1995 WL 118983, at *2 (6th Cir. 1995) (table) and Wayne v. Village of Sebring, 36 F.3d 517, 530 (6th Cir. 1994)). Not only is the standard higher for defendants, the recovery is more limited, with § 1988 permitting the defendant "to receive only the portion of his fees that he would not have paid but for the frivolous claim." Fox v. Vice, 563 U.S. 826, 836 (2011). Granting attorneys' fees against a "nonprevailing plaintiff in a civil rights action is 'an extreme sanction and must be limited to truly egregious cases of misconduct.'" Garner v. Cuyahoga Cty. Juvenile Court, 554 F.3d 624, 635 (2009) (6th Cir. 2009) (quoting Jones v. Cont'l Corp., 789 F.2d 1225, 1232

- 4 -

(6th Cir. 1986)). Determining whether such misconduct occurred "requires inquiry into the plaintiffs' basis for bringing suit" and whether to grant fees will always "depend on the factual circumstances of each case." Smith v. Smythe-Cramer Co., 754 F.2d 180, 183 (6th Cir. 1985).

Shoffner argues that Muhammad's entire suit is "abjectly frivolous," specifically because "sovereign citizen contentions represent a categorically different level of frivolity, in that they are filed for the purpose of attacking and threatening the integrity of the court system and the rule of law." (ECF No. 47 at PageID 514) (citing Roach v. Arrisi, No.: 8:15-cv-2547-T-33AEP, 2016 U.S. Dist. LEXIS 189902, at *1 (M.D. Fla. Jan. 7, 2016) (collecting cases dismissing sovereign citizen claims as frivolous)). Shoffner also points to Muhammad's "strategy of attempting to willfully circumvent the legal system" by deeding "the property back and forth between herself and numerous entities under her effective control" as evidence that her claims "arise not from an honest or sincere misunderstanding of the law, but from conscious tactics." (ECF No. 47 at PageID 515.)

Upon review of the record, the undersigned finds that Muhammad's suit was frivolous, unreasonable, and without foundation, and therefore an award of attorneys' fees is warranted in this case. Muhammad has engaged in clear delay tactics across multiple lawsuits seeking to prevent the transfer of her former

property to Shoffner. While some of these suits could be said to have had a legal basis, the present case is frivolous, consisting of citations to inapplicable statutes and supported by nothing but conclusory statements. Further review of the record supports Shoffner's assertion that, at some point, Muhammad began actively obfuscating ownership of the property by deeding it back and forth from herself to numerous legal entities she controlled. (ECF No. 24-2 at PageID 183, 188-92, 199-207.) This is evidence of bad faith manipulation of the legal system.

Other elements of Muhammad's suit support deeming it entirely frivolous. Muhammad's claim rested on the idea that the defendants' attorneys were "foreign agents," which the undersigned previously noted was frivolous and allowed the court to *sua sponte* dismiss the complaint altogether. (ECF No. 40 at 7.) The relief Muhammad sought was also completely unjustified; she sought "20- Million Dollars, in compensatory, punitive, and future damages" that she demanded be paid in gold, as well as the revocation of "the state court judge's license to practice law." (ECF No. 1 at PageID 4.) Muhammad also demanded that this court seize the defendants' attorneys' homes and "donate [them] to the Boy's and Girls Club in the area," and finally requested "control over the State court's corporate charter." (Id.) These are impossible, unjustified requests for relief that do not demonstrate good faith engagement with the legal system.

"The Sixth Circuit has noted that an award of attorney's fees to the prevailing defendants is appropriate 'where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point after which the plaintiff continues to litigate.'" Jenkins v. Whitely, No. 1:06-CV-34, 2007 WL 1725258, at *3 (E.D. Tenn. Jun. 12, 2007) (quoting Smith, 754 F.2d at 183). Such was the case here. Muhammad's complaint contained no facts supporting her claims, and over the course of the case she filed numerous motions in violation of the Federal Rules of Civil Procedure, including unjustified and untimely demands for discovery and default judgment. (ECF Nos. 3, 10, 30, 38.) At no point did she provide supporting evidence, instead relying solely on unfounded conspiratorial claims and demands for implausible relief. Further, the undersigned previously recommended dismissing Muhammad's case for lack of subject matter jurisdiction due to its implausible assertions, a conclusion Judge Lipman adopted in her order. (ECF No. 40 at 14) (citing Davis, 2019 WL 5853474, at *3); (ECF No. 45 at 5.); see also Apple v. Glenn, 183 F.3d 477, 480 (6th Cir. 1999) (courts may dismiss complaints that "lack the legal plausibility necessary to invoke federal subject matter jurisdiction") (citing Dilworth v. Dallas Cty. Comm. College Dist., 81 F.3d 616, 617 (5th Cir. 1996)).

Muhammad's claims were frivolous in their entirety and an award of attorneys' fees is justified.

**B.   Calculation of Attorneys' Fees**

"Calculating attorney fees under 42 U.S.C. § 1988 begins with determining the so-called lodestar amount, which is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Garner, 554 F.3d at 642 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The "reasonable hourly rate" is based on the "prevailing market rate in the relevant community," or the rate which "lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record[.]" Adcock-Ladd v. Sec. of Treasury, 227 F.3d 343, 350 (6th Cir. 2000). To determine the prevailing market rate, courts may consider "prior attorneys' fees awards to counsel as evidence." Lance Coal Corp. v. Caudill, 655 F. App'x 261, 262 (6th Cir. 2016). "A party's submissions, awards in analogous cases, state bar association guidelines, and [the court's] own knowledge and experience in handling similar fee requests," may be utilized as well. Van Horn v. Nationwide Prop. & Cas. Ins. Co., 436 F. App'x 496, 499 (6th Cir. 2011).

Shoffner's attorney, Gregory C. Krog, Jr., provided billing records and a declaration representing a lodestar amount of $14,585.00. (ECF No. 47-1 at PageID 521-22; ECF Nos. 47-2, 47-3, 47-4.) This amount was based on "45.4 hours expended by Counsel in

representation since the filing of the complaint," with detailed invoices demonstrating how this time was spent, at a rate of $275 per hour.[1] (ECF No. 47-1 at PageID 521.) The remaining balance is based on 16.1 hours worked by attorney Krog's law clerk on the case, at a rate of $75 per hour. (Id. at PageID 521-22.) Attorney Krog represents that the $275 hourly rate "is at the very lower range of hourly rates charged by attorneys in the Memphis area with comparable experience and ability for comparable work," (id. at PageID 522), a statement he supports with a further declaration from attorney Daniel W. Van Horn, a partner at Butler Snow, LLP and a fellow practitioner in the Memphis area. (ECF No. 47-5 at PageID 531.) Attorney Krog provides that he has "over thirty-four years of experience" and that fees for attorneys with comparable experience "generally range from $250 to $425" per hour. (ECF No. 47-1 at PageID 522.) Other cases from this district support the reasonableness of these rates and fees. See Phifer v. SPM Enters. Inc., No. 21-cv-2249-SHM, 2021 WL 3878896, at *3 (W.D. Tenn. Aug. 30, 2021) (approving $365 per hour rate for larger firm in FLSA case); Thomas v. Schroer, Case No. 2:13-cv-02987-JPM-cgc, 2020 WL 13336786, at *3 (W.D. Tenn. Sept. 2, 2020) (approving $425 per hour and $400 per hour rates for First Amendment litigators with

---

[1] Attorney Krog notes that 0.2 hours of the accounted time were "ministerial" in nature, and thus the ultimate amount is based on 45.2 hours of work. (ECF No. 47-1 at PageID 522.)

thirty years' experience working on a civil rights case). Based on the entire record, the undersigned finds that attorney Krog's requested fees are based on the prevailing market rate and represent a reasonable amount for the work done in defending against this frivolous lawsuit.

### III. RECOMMENDATION

Based on the above, it is recommended that Shoffner's motion be granted, and that attorneys' fees in the amount of $14,585.00 be awarded against Muhammad.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

July 28, 2022
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**